IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIONNY BAEZ** : | |
| : | |
| : | |
| Plaintiffs, : | |
| : | Case No.: 07-1517 (PLF) |
| v. : | |
| : | |
| **WILLIAM RODRIGUES** : | |
| : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS UNTIL COMPLETION OF THE CRIMINAL CASE PENDING AGAINST PLAINTIFF**

COMES NOW Plaintiff, Dionny Baez, by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C. and hereby submits this Motion to Stay. For cause, Plaintiff states as follows:

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 27, 2007, Plaintiff filed his Complaint with this Court. Plaintiff, thereafter, attempted diligently to serve Defendant a copy of Plaintiff's Complaint and Summons to no avail. Defendant has evaded service to date. Although Defendant has not been served, Defendant is aware the instant case is pending. Plaintiff was recently made aware that a criminal case, involving the facts of this case, was initiated against Plaintiff in the Municipal Court of Philadelphia County, Docket No.: PARS-MC-51-CR-0051884-2007. Plaintiff is scheduled to be arraigned on March 13, 2008.



**ARGUMENT**

I. **THE INTERESTS OF JUSTICE REQUIRE A STAY OF THIS ACTION UNTIL COMPLETION OF THE PENDING CRIMINAL CASE INVOLVING PLAINTIFF AND THE FACTS AND CIRCUMSTANCES OF THE INSTANT CASE.**

It is well-established this Court has discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case where the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This discretion allows this Court to "stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." *Sec. & Exchange Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), *cert. denied*, 449 U.S. 993 (1980). "Courts are afforded such discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Estate of Mikal Gaither v. District of Columbia, et al.*, Civil Action No.: 03-1458 (CKK) (2005), *citing*, *Id.* at 1376.

When determining whether to stay a civil proceeding pending the outcome of a related criminal matter, this Circuit has weighed the following factors: (1) the interests of Plaintiff in proceeding with the civil litigation as balanced against the prejudice to Plaintiff if it is delayed; (2) the public interest in the pending civil and criminal investigation; (3) the interests of and burdens on Defendant; (4) the interest of persons not parties to the civil litigation; and (5) the convenience of the court in the management of its cases and the efficient use of judicial



resources. *Estate of Mikal Gaither,* Civil Action No.: 03-1458, *citing, Barry Farm Resident Council*, 1997 WL 118412, at *1 (citing cases). "The court must make such determinations in the light of the particular circumstances of the case." *Dresser Indus.*, 628 F.2d at 1375; *see also Capital Eng'g & Mfg. Co. v. Weinberger*, 695 F. Supp. 36, 41-42 (D.D.C. 1988) ("the court must determine the extent to which the civil discovery threatens the secrecy and integrity of criminal proceedings, and, if the discovery could prove meddlesome, whether to stay discovery entirely or to narrow the range of discovery so as not to impinge upon the criminal proceedings").

First, in the instant case, Plaintiff's interests are best protected by this Court's staying all proceedings until the completion of the criminal case currently pending against Plaintiff. Specifically, Plaintiff's right to be free from self-incrimination could be impaired if Plaintiff is required to testify in a deposition or answer interrogatories relating to the facts of the criminal case. Additionally, allowing this case to go forward prior to the completion of the criminal case pending against Plaintiff would greatly enlarge the scope of criminal discovery in that some information discoverable in this proceeding would not otherwise be discoverable in the criminal proceeding. Plaintiff will not be prejudiced by the granting the instant Motion.

Second, the public interest is served by staying the instant case as the public has an interest in the timely and efficient resolution of criminal matters in a manner that preserves the procedural safeguards afforded criminal defendants.

Third, staying the instant proceedings will not burden the Defendant in as much as the Defendant will not have to expend time and/or resources defending this suit during the pendancy of the criminal proceeding and will benefit from the clarification of issues that could result from the criminal discovery and proceedings. Moreover, Defendant has evaded service and thus, at


created using BCL easyPDF Printer Driver
Click here to purchase a license to remove this image

this time does not have any obligations to defend this action at all.  Therefore, it is not likely that Defendant will suffer any harm or prejudice should this Court grant Plaintiff's Motion.

Fourth, there will not be any negative effect on any third parties if this Court were to grant Plaintiff's Motion to Stay.

Finally, a stay would allow the efficient and expedient resolution of the instant case as the criminal discovery process and subsequent proceedings would narrow the issues to be pursued in discovery and possibly aid in settlement of the instant case, thus saving time and judicial resources.  All factors weigh in favor of staying the instant case, accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Stay the Instant Proceedings until the Completion of the Criminal Matter pending against Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Stay.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (Fax)



**IN THE UNITED STATES DISRTICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DIONNY BAEZ** : | |
| : | |
| Plaintiffs, : | **Case No.: 07-1517 (PLF)** |
| v. : | |
| **WILLIAM RODRIGUES** : | |
| Defendant. : | |

**ORDER**

Upon consideration of Plaintiff's Motion to Stay, and in the interests of justice, it is this _____ day of _____, 2008,

ORDERED, that Plaintiff's Motion to Stay is hereby GRANTED.

_____
Paul L. Friedman
United States District Court Judge

